## 20223

Kenneth Legrand BRANHAM, Appellant, v. Alecia Sample BRANHAM, Respondent.

(225 S. E. (2d) 343)

*Daniel A. Speights, Esq.*, of *Glenn, Porter and Sullivan*, Columbia, *for Appellant*,

*Harvey L. Golden, Esq.*, of Columbia, *for Respondent*,

May 25, 1976.

Lewis, Chief Justice:

This action is between divorced parents over the custody of their only child, a boy, now seven (7) years of age.

The parties were married on May 9, 1968 and were divorced on February 16, 1973, upon the ground of the adultery of the husband. Custody of the child was awarded at that time to the mother with liberal visitation privileges to the father.

After their divorce, both parties lived in Columbia, South Carolina, until June 1974, when the mother secretly left Columbia and went to Atlanta, Georgia, where she and the child were later found by the father living with a black singer whom she had met in Columbia and had lived with prior to going to Atlanta. The mother admitted the illicit relationship with the black singer. She admitted that he

stayed with her for four or five days in the house where she and the child lived in Columbia. She met him in North Carolina on two separate weekends; and she and the child shared a room with him for about a week at Myrtle Beach in May 1974. Shortly after returning from Myrtle Beach, the mother suddenly left Columbia with the child and went to Atlanta, Georgia, with the singer, where, after considerable search, the father found them. A marriage license had been obtained for her marriage to the singer. When she was found and custody of the child was put in issue, she cancelled the marriage plans and returned to Columbia.

Upon locating the mother and child in Atlanta, the father instituted an action there for custody of the child, resulting in a decree of the Georgia Court awarding custody of the child to the father on condition that he return the child to South Carolina and petition the court here, within ten (10) days, for a permanent change of custody. This action was accordingly instituted by the father on September 23, 1974. Temporary custody was continued in the father and the matter was referred to the master for his report, which was subsequently filed. He found that there had been a change in conditions since the original divorce and custody decree and that it would be in the best interest of the child to award custody to the father whom he found to be a fit and proper person. The lower court reversed the master's report and awarded custody to the mother. The father has appealed.

This Court stayed the order of the lower court during the appeal and the father has had custody of the child since the order of the Georgia Court on September 16, 1974.

We are convinced tht the lower court was in error and that the master's findings and recommendations represent the best interests of the child at this time. While this record affords no basis for the award of praise to the father for his past conduct, it sustains the master's conclusions that the father is now a fit person to have custody and that he is adequately caring for the child. The conduct of the mother,

as shown by this record, in secretly and suddenly taking the child from familiar surroundings and close relatives to accompany her in the pursuit of her illicit affair with the singer was sufficient to sustain the finding of a change in conditions affecting the best interests of the child and to justify placing custody with the father.

The continuing jurisdiction of the lower court in matters of this kind assures periodic review of the father's conduct and discharge of his parental duties and such action by the lower court from time to time as may be for the child's best interest.

The judgment of the lower court is accordingly reversed and custody of the child is awarded to the father with visitation privileges granted to the mother, as recommended by the master.

While other questions were raised by the pleadings, that of custody is the only issue presented in this appeal.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.